## CRIMINAL COURT OF BALTIMORE CITY.

Filed October 28, 1915.

STATE OF MARYLAND.

VS.

ROBERT E. GEDDES.

*William L. Marbury, Charles Claggett* and *James Thomas* for traverser.

*Lindsay C. Spencer* and *A. Walter Kraus* for the State of Maryland.

BOND, J.—

The statutory definition of an insurance "broker" in Section 218 of Article 23 of the Code is clearly too broad to be workable according to its letter; and itself needs definition. My conclusion is that the Legislature cannot reasonably be construed to have required licenses of persons who, as employees or clerks of licensed brokers or agents, do the work of soliciting owners of property to insure through the employer. Such a construction, as I see it, would deny a broker or agent the use of employees almost altogether, for there is no apparent ground for distinction between employees according to the kind or extent of their work in the promotion of the employer's business. The statutes provide for licenses only to the members of a partnership themselves. There is no provision for licensing their employees.

The only reasonable construction, I conclude, is that the persons intended are those who act, not under the control of and for a regular employer, but independently, in the work of bringing together insurer and insured. The method of payment, either by fixed salary or by commission, would not vary the result. Either is consistent with regular bona fide employment, and this employment, as distinguished from independent business, would be the determining factor.

In accordance with these views the demurrer will be sustained as to the 2d, 3rd, 4th, 5th and 6th counts of the indictment, and overruled as to the 1st.